NEW YORK BELTING & PACKING Co. *v.* MAGOWAN and others.[1]

(*Circuit Court, D. New Jersey.* February 18, 1886.)

1. PATENTS FOR INVENTIONS.
    Letters patent No. 86,296, of January 26, 1869, to the New York Belting & Packing Company, as assignee of Dennis C. Gately, for improved vulcanized rubber packing, sustained, and *held* infringed.
2. SAME—DISTINCTION BETWEEN INVENTION AND MECHANICAL SKILL.
    The line between invention and mechanical skill is not always clearly drawn. Invention indicates genius and the production of a new idea. Mechanical skill is applied to an idea, and suggests how it may be modified and made more practical.
3. SAME—EXTENSIVE ADOPTION OF DEVICE, EVIDENCE OF INVENTION.
    The fact that the patented device went at once into such extensive public use as almost to supersede older devices is pregnant evidence of novelty, value, and usefulness, and accounts for the defendants' infringement.

On Bill, etc.
*Turner, Lee & McClure,* for complainant.
*F. E. Lowthorp, Jr.,* for defendants.

NIXON, J. Letters patent No. 86,296, for "improved vulcanized rubber packing," were granted to the complainant corporation, as assignee of Dennis C. Gately, on January 26, 1869, and this suit is brought to recover profits and damages for their infringement.

The answer of the defendants (1) denies infringement; (2) alleges that Gately was not the original and first inventor of the thing patented; and (3) claims that the letters patent are void, (*a*) because the single claim is too broad, covering more than Gately invented; (*b*) because the specifications fail to sufficiently distinguish between what was novel and what was old in the art; (*c*) because, in view of the state of the art at the date of the issue of the patent, no invention is exhibited and·shown.

· The defense of non-infringement was not well taken, not being sustained by the evidence. The packing manufactured by the defendants in 1882 and 1884 were exhibited. The first was an exact counterpart of the complainant's product under its patent, and the second was a feeble attempt at evasion, by having only the central

[1] Edited by Charles C. Linthicum, Esq., of the Chicago bar.

part of the inner surface of the canvass, next to the piston-rod, cut bias.

The other defenses, which may be fairly grouped under the single allegation of want of patentability of the invention, in view of the state of the art, have caused more difficulty, and required more careful examination. In the specifications of the patent the inventor states that his invention relates to packing of the kind for which letters patent were issued to Charles McBurney on June 28, 1859; that the defect of the McBurney invention was that the packing was not sufficiently elastic to maintain a tight joint between it and the piston, and that he has secured this greater elasticity by "forming the packing with a backing of pure vulcanized rubber, * * * which may be covered and protected by a strip of canvas or other suitable fabric." He claims that when a packing thus formed is placed in the stuffing-box and around the piston, and the follower is screwed down, so as to compress the packing, the rubber strip will also be compressed and forced against the sides of the stuffing-box, and, as it cannot expand in the direction of the follower, it acts as a spring to hold the packing against the piston-rod, and to prevent leakage, compensating for any slight wear in the packing, and making a tight joint between the rod and the packing.

The claim of the patent is:

"The combination with the packing, such as herein specified, of an elastic backing or cushion of vulcanized India rubber, substantially as and for the purposes set forth."

It is quite clear from these specifications that the patentee conceived that he had remedied the defects, and made an improvement upon the then existing McBurney patent. Turning to that patent, we find that it was granted on June 29, 1859, for an "improvement in packing for stuffing-boxes of pistons." It was claimed by the inventor to be a durable substitute for the hempen packing before employed in stuffing-boxes,—more easily adjusted to produce a uniform pressure upon all sides of the piston-rod,—but in practical use it fell short of accomplishing what the patentee claimed for it. Frequent complaints came from the purchasers to the manufacturers that it was too stiff and rigid, and was not compressible enough to make a tight joint in the stuffing-box. Gately, the patentee, who was the superintendent of the complainant corporation, set himself to the task of overcoming the defects. He made several experiments, and the result was the patent on which the suit is brought. He added to the McBurney packing the elastic backing or cushion of vulcanized India rubber, which not only rendered the whole more compact and more elastic, but, being compressed between the follower and the sides of the stuffing-box, acted as a spring to hold the packing continuously against the piston-rod, thus making a tight joint, which had not been attained under the McBurney invention, and was not shown to have been so well accomplished under any other patent.

Whether a thing devised is due to the genius of an inventor, or to the mechanical skill of a workman, is often a difficult question to determine. The line between them is not always clearly drawn. Invention indicates genius and the production of a new idea. Mechanical skill is applied to an old idea, and suggests how it may be modified and made more practical; and, according to *Smith* v. *Nichols*, 21 Wall 112, such mere modification is not patentable unless some new and useful result is secured.

The complainant's patent is nearly on the line dividing invention from mechanical skill; but, after carefully comparing it with the exhibits which are put in to show anticipation and its lack of patentability, I am of the opinion that the combination reveals invention, not so much because the packing is more elastic by reason of the addition of pure hard rubber, but because the patent discloses a new and better method of obtaining a tight joint between the packing and the piston-rod than has been obtained by any other combination of elements, new or old. It is a fact not to be overlooked, and has much weight, that the product manufactured under it went at once into such extensive public use as almost to supersede all packing made under other methods. Such a fact is pregnant evidence of its novelty, value, and usefulness, and accounts for the defendants' infringement.

Let a decree be entered in favor of the complainant, and for an account.